UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:04-CR-51 |
| | ) | |
| RANDY ATCHLEY | ) | |

## **O R D E R**

This criminal case is before the Court on the defendant's Notice of
Objections to Presentence Report and Sentencing Memorandum. [Doc. 22]. The
defendant objects to the conclusion of the United States Probation Office in the
presentence investigation report that the defendant should be subject to the 15 year
minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §
924(e), asserting that there are insufficient predicate felony crimes of violence. The
government has filed a response, and the United States Probation Office has filed an
addendum to its report responding to the defendant's objections. The defendant has
filed a reply, and concedes that the defendant's prior conviction for burglary in Manti,
Utah, may serve as a predicate offense for purposes of the ACCA. However, the
defendant disputes that his 1989 California conviction for felony prison escape, his
1996 North Carolina breaking or entering conviction of an unoccupied house under
construction, and his 1999 North Carolina breaking or entering conviction of a storage

building may serve as predicate offenses under the ACCA. The presentence report has been amended to concede that the defendant's conviction in 1991 on three counts of burglary, because it was burglary of automobiles, do not qualify as predicate offenses under the ACCA. If any two of the disputed prior convictions is determined to not be a predicate offense subject to the ACCA, the defendant will not have the three prior violent felony convictions which mandate a minimum term of imprisonment under 18 *U.S.C.* § 924(e).

In 1989, the defendant entered a guilty plea to prison escape without force in Santa Clara County, California. The California statute dealing with felony prison escape distinguishes between escape with force and escape without force. Either type of escape under the California statute provides for a sentence in excess of one year, and is a felony. The defendant argues that, because the statute distinguishes between escape with force and without force, the California legislature did not intend for an escape without force to be considered a crime of violence. Despite the defendant's contentions, the statute does not except escape without force from being a crime of violence, but merely provides a lower sentence than for escape with force. Further, the Sixth Circuit has specifically held that a prior conviction for escape may be used as a predicate violent felony under the Armed Career Criminal Act because the escape involved "a serious potential risk of physical injury to another." *United States v. Houston*, 187 F. 3d 593, 594 (6th Cir. 1999).

Regardless of whether the defendant actually used force in his escape, the fact remains that, "if officers or others interrupt an escape or attempt to recapture an escapee, there is a serious potential risk that injury will result." *Id.* Accordingly, the Court **FINDS** that the defendant's conviction for escape without force is a "violent felony" for purposes of the ACCA.

In 1996, the defendant entered a plea of guilty to charges of breaking or entering and larceny in Wilkes County, North Carolina related to his theft of property from an unoccupied building under construction. The defendant contends that this conviction should not qualify as a violent felony because the defendant was working as an employee of the construction company that was constructing the building, and stole a generator after normal working hours. The North Carolina statute with which the defendant was charged, and to which he entered a plea of guilty, G.S. 14-54(a), defines breaking or entering buildings as:

> Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon.

Sub-section (c) of the statute defines a building as including an "uninhabited house," and "building under construction."

Interestingly, the defendant seems to be arguing that the Court must look to the

particular facts of this defendant's conviction in determining whether the defendant's breaking and entering conviction is a predicate violent felony, citing to *Shepard v. United States*, ___ Ct. ____, 2005 WL 516 494 (2005). However, the holding of *Shepard* is quite to the contrary, recognizing its earlier holding in *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143, in which the "Court drew a pragmatic conclusion about the best way to identify generic convictions in jury cases, while respecting Congress' adoption of a categorical criterion that avoid subsequent evidentiary inquiries into the factual basis for the earlier conviction." In *Taylor*, the court held that generic burglary could be identified only by reference to the charging documents or to the recorded judicial acts of the court limiting convictions to the generic burglary, such as in the jury instructions. The *Shepard* Court recognized that the *Taylor* Court did not "limit adequate judicial record evidence strictly to charges and instructions," . . . "since a conviction might follow a trial to a judge alone or a plea of guilty." Nevertheless, the Court, after analysis of the ACCA, held that "inquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."

Not only is the holding of *Shepard* opposite that argued by the defendant, the holding is not applicable to the determination of whether a defendant's conviction under

4

a generic burglary statute is a predicate offense. Clearly, the North Carolina statute is a generic burglary statute, since it limits itself to the definition of generic burglary described in both *Taylor* and *Shepard*.

The Sixth Circuit has specifically addressed whether the breaking and entering of an unoccupied building qualifies as a violent felony under the ACCA in *United States v. Fish* , 928 F. 2d 185, 187 (6th Cir. 1991), in which the court held that a defendant's conviction under a Michigan generic burglary statute of an unoccupied dwelling was a predicate offense under the ACCA. Although inconsequential given the Sixth Circuit's holding in *Fish*, it bears noting that the North Carolina statute specifically states that the entering of an unoccupied building or a building under construction with the intent to commit a felony or larceny does constitute the crime of breaking or entering under North Carolina law. Accordingly, the Court **FINDS** that the defendant's North Carolina conviction for breaking or entering is a predicate violent felony under the ACCA. 18 U.S.C. § 924(e)(1).

For the same reasons, the defendant's 1999 conviction in North Carolina for the burglary or entering of a storage building also may serve as a predicate offense under the ACCA. The defendant's attempt to distinguish this conviction because of the nature of the structure is inconsistent with the Supreme Court's definition of burglary, the North Carolina statute and Sixth Circuit precedent.

In accordance with the foregoing authority, the defendant's objections to the

5

presentence investigation report, except to the extent conceded by the United States Probation Office as to the defendant's conviction for burglary of automobiles, are **DENIED**.

       ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
